Filed 3/28/14  P. v. Aceituno CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064626 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN311407) |
| JULIO ACEITUNO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for the Defendant and Appellant.

No appearance for the Plaintiff and Respondent.

Julio Aceituno pleaded guilty to possessing a controlled substance while armed with a gun.  (Health & Saf. Code, § 11370.1, subd. (a).)  In exchange, the People dismissed charges that Aceituno possessed a controlled substance (Health & Saf. Code, § 11377, subd. (a)); concealed a firearm on his person (Pen. Code, § 25400, subd. (a)(2)); and carried a loaded firearm on his person (Pen. Code, § 25850, subd. (a)).  The court suspended imposition of sentence and granted Aceituno three years formal probation.

Approximately two months later, Aceituno moved to withdraw his plea on grounds his attorney was ineffective for not advising him of the immigration consequences of his guilty plea.  The trial court denied the motion.

Appointed counsel has filed a brief summarizing the facts and proceedings in the trial court.  Counsel presents no argument for reversal but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436.  Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to the possible but not arguable issue of whether the trial court erred in denying Aceituno's request to withdraw his plea.

We granted Aceituno permission to file a brief on his own behalf and he filed a letter in which he argued defense counsel was ineffective for failing in her duty to find out "the specific consequences—e.g. disqualification for political asylum, naturalization, loss of green card status, deportation, and permanent ineligibility for lawful status disqualification from waiver and clearly explain them to the[] client."

Our review of the entire record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel and Aceituno has disclosed no reasonably arguable appellate issues.

2

We have reviewed the change of plea form that Aceituno signed acknowledging the immigration consequences of the plea. Further, the trial court made a finding that counsel had informed Aceituno of the immigration consequences of the plea. Aceituno was competently represented by counsel on this appeal.

## DISPOSITION

The judgment is affirmed.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


McINTYRE, J.